UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TONYA NELSON,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. ED CV 08-00315-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

    Plaintiff raises the following issues:

    1.    Whether the Administrative Law Judge ("ALJ") properly

        considered the treating physician's opinion;

2. Whether the ALJ properly held that Plaintiff's mental impairment is non-severe;

3. Whether the ALJ made proper credibility findings; and

4. Whether the ALJ properly considered the lay witness testimony.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed.

**I**

**THE ALJ FAILED TO PROPERLY EVALUATE**

**THE OPINION OF THE TREATING PHYSICIAN**

Plaintiff filed an application for Supplemental Security Income ("SSI") on May 17, 2005.[1] As the Commissioner notes, benefits cannot be paid for any condition prior to the month of filing. But, in evaluating Plaintiff's mental status, the ALJ essentially relied only on a psychological consultative evaluation ("CE") performed on September 28, 2007 by Dr. Cash. (AR 17, 407-411.) The record contains significant mental health information from San Bernardino County Behavioral Health/Phoenix Program bearing on the assessment of Plaintiff's mental status for the period February 22, 2000 to July 19, 2005. (AR 249-297.)  Indeed, at the hearing in this matter,

---

[1] The record also contains an SSI Application dated January 30, 2004. (AR 81-93.) The discrepancy has not been explained by the parties; however, the Court will use the later-dated application in its analysis.

Plaintiff's then-counsel highlighted these records, noting that her physician, Dr. Prepetit, had diagnosed Plaintiff with Major Depressive Disorder.  The ALJ responded that these records were, essentially, untimely (AR 444-445), although the attorney argued that such records give "insight into the nature of the condition." (AR 445.)  In response, the ALJ simply discussed the more current psychological evaluation of Dr. Cash (Id.), although he acknowledged, "I had difficulty putting much weight on [Dr. Prepetit's evaluation], but, we're supposed to have a long span of time." (Id.)  Nevertheless, the ALJ gave short shrift in his decision to these records, indicating that, "there is insufficient evidence to establish a current mental impairment that would more than significantly limit the claimant's functional cognition." (AR 17-18.) In his report, Dr. Cash indicated that he had reviewed some, but apparently not all of the records from San Bernardino County Department of Behavioral Health; e.g., notes from June 2004 and from 2001. (AR 408.)  Dr. Cash acknowledged that the 2001 notes indicated major depressive disorder, severe, recurrent, with psychotic features. (AR 408.)

The Court has difficulty in understanding the logic in the ALJ's reasoning that a psychological consultative evaluation and report performed on September 28, 2007 would provide relevant information as to Plaintiff's mental status going back to the application date, May 17, 2005, while extensive diagnostic and treatment records from February 22, 2000 to July 19, 2005 would be untimely, and essentially irrelevant.  This is especially so in the case of psychiatric disorders, in which longitudinal records are particularly important. The Court here has no basis whatsoever to  determine why the ALJ rejected such records other than his opinion that they were too old or

3

untimely. The Court agrees with Plaintiff's contention that in order to reject the opinion of Dr. Prepetit, based on five years of treatment, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence. See Lester v. Chater, 81 F.2d 821, 830 (9th Cir. 1995).

For the above reasons, remand is required so that a new hearing may be held, and the medical evidence may be properly evaluated.

The Court's determination that inadequate consideration was given to the opinions as to Plaintiff's mental condition rendered by her treating physician also determines the conclusion as to Plaintiff's second issue, which is whether the ALJ properly held that Plaintiff's mental impairment is non-severe.

**II**

**THE ALJ'S CREDIBILITY FINDINGS ARE ADEQUATELY SUPPORTED**

In his decision, the ALJ depreciated Plaintiff's subjective symptoms, finding them to be not entirely credible. (AR 19.) Plaintiff asserts that the ALJ made only a generalized credibility finding which falls short under established Ninth Circuit law requiring that resolution of the evidence regarding credibility must be supported by specific and cogent reasons. (JS at 12, citing applicable case law.) Thus, Plaintiff argues that the decision does not provide clear and convincing reasons to reject Plaintiff's credibility.

While Plaintiff is correct as to the law, her claim that the ALJ's credibility finding was limited to the aforesaid generalities is simply not supported when the decision is carefully read. First, the ALJ cited the appropriate credibility factors which, among others, may

4

be considered, as set forth in 20 C.F.R. §416.929(c). (<u>See</u> AR at 19.) The ALJ then described and analyzed evidence in the record which relate to many of these factors, including Plaintiff's daily activities; types of medication and treatment Plaintiff takes to alleviate her pain or other symptoms; contradictions between Plaintiff's claims and the objective medical evidence; evidence indicating that Plaintiff has exaggerated her symptoms during psychological testing, and evidence as to the general effect of treatment measures. (AR at 19-20.) The Court has reviewed the evidence in the record and finds that the ALJ's analysis is supported by substantial evidence. Thus, the Court fails to find any error in the credibility analysis.

### III

**THE ALJ MUST RECONSIDER LAY WITNESS TESTIMONY ON REMAND**

Plaintiff's husband, Mr. Jones, prepared a Function Report Adult Third Party dated July 14, 2005. (AR 202-210.) As Plaintiff notes, Mr. Jones identified behaviors of Plaintiff which would appear to be relevant to an evaluation of her mental status. Nevertheless, in the decision, the ALJ selectively cited to those portions of Mr. Jones' report which indicated that Plaintiff is able to do certain daily activities. (AR 20.) Clearly, the summary in the decision, if that is what it is intended to be, is incomplete in that it omits significant observed limitations. The ALJ never discussed those portions of Mr. Jones' observations, and as such, the Court is unable to determine why they were rejected, or even it they were considered. The ALJ must provide reasons which are germane to those witnesses whose testimony is rejected. See <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288-89 (9th Cir.

1996).

For the foregoing reasons, this matter will be remanded for further hearing.

**IT IS SO ORDERED.**


DATED: December 12, 2008                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE